

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 14, 2016

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-33783-sgj-11 |
| DALLAS PROTON TREATMENT | § | |
| CENTER, LLC. | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND
ORDER UNDER 11 U.S.C. § 1129 CONFIRMING
AMENDED CONSOLIDATED PLAN OF LIQUIDATION**

WHEREAS, on August 12, 2016, the Official Committee of Unsecured Creditors (the "Committee"), a statutorily-formed committee in the above-referenced case, filed its Amended Consolidated Plan of Liquidation (the "Plan")[Docket No. 223[1]] and the Amended Disclosure Statement in Support of Amended Consolidated Plan of Liquidation (the "Disclosure Statement")[Docket No. 224]; and

---

[1] All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING
AMENDED CONSOLIDATED PLAN OF LIQUIDATION - Page 1**

WHEREAS, on August 12, 2016, this Court entered an order approving the adequacy of the Disclosure Statement in accordance with Section 1125 of the Bankruptcy Code, setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan (the "Disclosure Statement Order") [Docket No. 225]; and

WHEREAS, on August 12, 2016, this Court entered its Order Approving Substantive Consolidation [Docket No. 226], whereby the Debtors' cases were substantively consolidated pursuant to the terms specified in the order; and

WHEREAS, on August 19, 2016, in accordance with the Disclosure Statement Order, the Debtor caused the Plan, Disclosure Statement, Disclosure Statement Order, the Confirmation Notice, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes of the Debtors; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a), the Court held a hearing on September 28, 2016 to consider confirmation of the Prior (the "Confirmation Hearing"); and

NOW, THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearings, any declarations, pleadings, briefs, memoranda, stipulations, and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in the Bankruptcy Cases; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

**Jurisdiction and Notice**

A.  <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  <u>Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>.  The Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C §1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Committee is a proper plan proponent under section 1112(a) of the Bankruptcy Code.

C.  <u>Bankruptcy Cases</u>.  On September 17, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases"). On October 8, 2015, the United States Trustee filed its Appointment of Official Unsecured Creditors' Committee [Dallas Holdings Docket No. 33]. On April 22, 2016, the Court entered its Order Appointing Chapter 11 Trustee [Docket No. 159] pursuant to 11 U.S.C. § 1104(a)(2).

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING AMENDED CONSOLIDATED PLAN OF LIQUIDATION - Page 3**

D.  Judicial Notice.  The Court takes judicial notice of the docket of the Bankruptcy Cases maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of the Bankruptcy Cases.

E.  Burden of Proof.  The Committee, as the Plan proponent, has the burden of proving the elements of Bankruptcy Code section 1129(a) by a preponderance of the evidence. The Committee has met such burden.

F.  Transmittal and Mailing of Materials: Notice.  Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearings, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

G.  Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a).  The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

H.  Solicitation and Transmittal of Solicitation Package.  The solicitation of votes to accept or reject the Plan and requests for consent to the treatment were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, and Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and

conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

I. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in the Bankruptcy Cases, the Committee and its attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code section 1125.

J. <u>Notice of the Confirmation Hearings—Fed. R. Bankr. P. 2002 and 3017</u>. The Committee gave notice of the Confirmation Hearings, the deadline to accept or reject the Plan, the deadline to object to the Plan in accordance with the Disclosure Statement Order. The solicitation package prescribed by the Disclosure Statement Order was transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002 and 3017.

K. <u>Notice of the September 28, 2016 Hearing</u>. The Debtor gave proper notice of the hearing held on September 28, 2016.

L. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, at least one or more impaired Classes have voted to accept the Plan, as defined by sections 1124 and 1126 of the Bankruptcy Code.

M. <u>Bankruptcy Rule 3016(a)</u>. The Plan reflects the date it was proposed and identifies the entity submitting it as Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING AMENDED CONSOLIDATED PLAN OF LIQUIDATION - Page 5**

N. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a. <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates eight (8) Classes of Impaired Claims or Equity Interests. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

b. <u>Specified Treatment of Impaired and Unimpaired Classes— 11 U.S.C. §§ 1123(a)(2) and (3)</u>. Article V of the Plan specifies the treatment of the Impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

c. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the Holder of a particular Claim or interest has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Other articles of the Plan provide means for implementation of the Plan as well. For example, Article VII provides specific provisions related to the Liquidating Trust, Article IX provides for the treatment of executory contracts and unexpired leases; Article X describes the process for resolving and treating disputed claims; and Article XV provides for the continuing jurisdiction over matters arising out of or related to these Bankruptcy Cases and the Plan.

e. <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Committee properly and adequately discloses in Section 6.9 of the Plan that all of the of directors, officers, and/or managers of the Debtors shall be terminated, and the Liquidating Trustee shall be deemed the sole officer, director, manager and member of each Debtor for purposes of

effectuating the terms of the Plan. Consequently, Bankruptcy Code section 1123(a)(7) is met.

   f. <u>Permissible Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

   g. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Article V of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

   h. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases not expressly assumed or rejected on or before the Effective Date as allowed by Bankruptcy Code section 1123(b)(2).

   i. <u>Settlement of Claims—11 U.S.C. § 1123(b)(3)</u>. Article V of the Plan provides for various treatment of Classes of Claims, including the settlement of, or adjustments to, certain claims or interests belonging to the Debtors or to the Estates as allowed by Bankruptcy Code section 1123(b)(3). Further, section 6.1 specifically outlines the various settlements contained in the Plan, including the global settlement entered into amongst the various creditor parties.

   j. <u>Modify the Rights of Secured Creditors—11 U.S.C. § 1123(b)(5)</u>. Article V of the Plan modifies the rights of several Secured Creditors who are Holders of Secured Claims and thus conforms to Bankruptcy Code section 1123(b)(5).

   k. <u>Additional Plan Provisions—11 U.S.C. § 1123(b)(6)</u>. The Plan also provides a number of provisions related to the means for implementing the Plan, including the creation of the Liquidating Trust. Further, the Plan provides a number of provisions related to the settlement, timing and payment of claims, as well as continuing jurisdiction and certain injunctions and exculpations. All other Plan provisions are acceptable and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan complies with Bankruptcy Code section 1123(b)(6).

 O. <u>The Committee's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>.

The Committee has complied with the applicable provisions of the Bankruptcy Code, thereby

satisfying Bankruptcy Code section 1129(a)(2). Based upon the record made at the Confirmation Hearing, *inter alia*: (a) the Committee has complied with applicable provisions of the Bankruptcy Code and orders of the Court and (c) the Committee has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

P. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Committee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively liquidating the Debtors and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

Q. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Liquidating Trust for services or for costs and expenses in connection with the Bankruptcy Cases have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

R. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Committee has complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtor.

S. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtors after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in the Bankruptcy Cases.

T. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtors' assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

U. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

V. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

W. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization. The Court analyzed the factors traditionally used by bankruptcy courts in this Circuit—(i) the debtor's capital structure, (ii) the earning power of

the business, (iii) economic conditions, (iv) the ability of debtor's management, (v) the probability of continuation of management, and (vi) any other related matters—and found that the factors support a finding that the Plan is feasible.

X. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

Y. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtors do not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtors.

Z. <u>Inapplicability of 11 U.S.C. §§ 1129(a)(14) & (15)</u>. The Debtors do not have any domestic support obligations and is not an individual, thus section 1129(a)(14) and (15) are not applicable.

AA. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. All transfers of property, including the issuance of the New Equity Interests, shall be made in accordance with all applicable provisions of nonbankruptcy law that govern the transfer or property and thus the requirement of Bankruptcy Code section 1129(a)(16) is met.

BB. <u>11 U.S.C. § 1129(b)</u>. All of the requirements of Bankruptcy Code section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtors, (b) any entity issuing securities under the Plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors,

administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor, equity interest holder is Impaired under the Plan and whether or not such Creditor or equity security holder accepted the Plan.

CC. <u>Overruled Objections</u>. Advance Particle Therapy, LLC filed the only objection to confirmation of the Plan [Docket No. 239] and this objection is overruled.

DD. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

## DECREES

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1. <u>Confirmation of the Plan</u>. The Plan, which includes any and all modifications, including any modifications set forth on the record at the Confirmation Hearing, is **APPROVED** and **CONFIRMED** under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. For reference, the Plan, with the modifications incorporated, is attached as **Exhibit A** to this Order.

2. <u>Objections</u>. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3. <u>Settlements Approved</u>. The compromises and settlements specified in Section 6.1 of the Plan are expressly approved and conclusively determined to be in the best interests of Creditors and the Estates.

4. <u>Liquidating Trustee</u>. Robert Yaquinto, Jr. shall be the Liquidating Trustee pursuant to section 7.3 of the Plan.

5. <u>Transfer of Liquidating Trust Assets</u>. Unless otherwise provided in the Plan, as of the Effective Date, the Liquidating Trust Assets shall be transferred and assigned to the Liquidating Trust, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon, but subject to the Liquidating Trust's obligations under the Plan.

6. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Committee and Liquidating Trustee to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) any entity issuing securities under the plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor, equity interest holder is Impaired under the Plan and whether or not such Creditor or equity security holder accepted the Plan. Upon the occurrence of the Effective Date with respect to the Debtors, the Plan shall be deemed substantially consummated.

7. <u>Releases and Exculpations</u>. The release and exculpation provisions set forth in Article XIII of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Plan.

8. <u>Injunction Against Interference with the Plan</u>. Pursuant to Article 13.5 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to interfere with the implementation or consummation of the Plan.

9. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided by the Plan.

10. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article IX of the Plan, all executory contracts and unexpired leases to which the Debtors are a party shall be rejected as of the Petition Date, unless the Debtors expressly assume or reject such contract or lease on or before the Effective Date.

11. <u>Damage Claims</u>. Pursuant to Section 9.2 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors, unless a proof of claim is filed with the Bankruptcy Court and served on the Committee and Liquidating Trustee such that they actually receive the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

12. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

13. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

14. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

15. <u>Liquidating Trustee Standing to Object to Claims</u>. Upon the Effective Date, the Liquidating Trustee shall have standing, pursuant to section 10.1 of the Plan, to object to Claims.

16. <u>Payment of Fees</u>. All fees payable by the Debtors under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date.

17. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Committee's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

18. <u>Retention of Jurisdiction</u>. Except as otherwise specified in the Plan, pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XV of the Plan.

19. <u>Notice of Entry of Confirmation Order</u>. The Liquidating Trustee shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all Creditors, the United States Trustee, the Securities and Exchange Commission, the Internal Revenue Service, and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

20. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Liquidating Trustee shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002.

21. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

22. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement,

instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

23. <u>Enforceability</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

24. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

25. <u>Administrative and Professional Fee Claims</u>. Except for Professional Claims, the deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed. The deadline for submitting applications for compensation for services rendered in the Bankruptcy Cases pursuant to sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.

26. <u>Dallas County Administrative Claim</u>. Notwithstanding the foregoing paragraph or any other provision in this Confirmation Order, Dallas County is the holder of an Administrative Claim for year 2016 ad valorem property taxes. Dallas County will receive payment of year 2016 ad valorem property taxes without the necessity of filing an administrative expense claim and request for payment as provided in 11 U.S.C. Section 503(b)(1)(D). In the event that the Liquidating Trust does not have sufficient funds to pay ad valorem real property taxes in the

ordinary course of business prior to the state law delinquency date, Dallas County will receive payment of all amounts that have accrued pursuant to Texas Law at the closing of the sale of the Dallas Property.  Dallas County shall retain the liens that secure year 2016 taxes plus all penalties and interest that may accrue until the taxes are paid in full.  In the event the Dallas Property is not sold prior to March 1, 2018, Dallas County shall have the right to foreclose its liens against the Dallas Property.

27.     <u>Issuance of Liquidating Trust Interests</u>.  The Liquidating Trust constitutes or will constitute a "successor" and a "newly organized successor" to the Debtors under the Plan solely for the purpose of Bankruptcy Code §§ 1145 and 1125(e) and the Committee acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer, sale, issuance and distribution of the Liquidating Trust Interests. With respect to the offer, sale, issuance and distribution of the Liquidating Trust Interests (to the extent such interests and/or rights constitute securities under the 1933 Act or an State or local law) pursuant to the terms of the Plan, (1) neither the Debtors nor the Liquidating Trust are underwriters within the meaning of Bankruptcy Code § 1145(b), (2) the offer, sale, issuance and distribution of the Liquidating Trust Interests shall be pursuant to the Plan, (3) the Liquidating Trust Interests are to be distributed in exchange for Claims against the Debtors, and (4) the Liquidating Trust Interests (to the extent constituting a security under the 1933 Act or any State or local law), constitute securities of a successor or newly organized successor of the Debtors under the Plan for purposes of Bankruptcy Code §§ 1145 and 1125(e). The findings of fact and conclusions of law in this Paragraph 21 shall be binding upon all parties in the Bankruptcy Cases, the Debtors, the Liquidating Trust, the Liquidating Trustee, the U.S. Securities and Exchange Committee (the "SEC"), and all other federal, state and local regulatory enforcement and other agencies.

28. <u>Exemptions from Recording, Stamp, and Similar Taxes</u>. The Cour finds and concludes that, in accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security, and the making or delivery of any instrument of transfer pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

29. <u>Insurance</u>. Pursuant to section 16.11 of the Plan, notwithstanding anything to the contrary in the Plan, neither this Order, nor Confirmation and consummation of the Plan shall have any effect on the insurance policies of any of the Debtors or their current or former directors, officers or managers (including, but not limited to, director and officer liability policies to the extent that the Debtors or their current or former directors, officers and managers have any rights under such policies) in which any of the Debtors or their current or former directors, officers or managers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering or delaying coverage of any Debtors (or their current or former directors, officers or managers) on any basis regarding or related to any of the Bankruptcy Cases, this Plan or any provision within the Plan, including the treatment or means of liquidation set out in the Plan for insured claims.

30. <u>Transfer of Broker Dealer Claims</u>. Pursuant to section 8.1 of the Plan, each holder of a Broker Dealer Claim who submitted a ballot in favor of the Plan, and did not elect the Opt-Out Election on its ballot, assigned and transferred its Broker Dealer Claims to the Liquidating Trust, and appointed the Liquidating Trustee as the holder's true and lawful attorney-in-fact as to such Broker Dealer Claim(s). The Liquidating Trustee shall have, without limitation, all standing

to assert and pursue such Claims that the assigning holder had prior to assigning its Broker Dealer Claim(s) to the Liquidating Trust, to the greatest extent permitted by law or equity.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

/s/ Jason P. Kathman
Gerrit M. Pronske
Texas Bar No. 16351640
Jason P. Kathman
Texas Bar No. 24070036
PRONSKE GOOLSBY & KATHMAN,, P.C.
901 Main Street, Suite 610
Dallas, Texas 75202
Telephone: (214) 658-6500
Facsimile: (214) 658-6509

**COUNSEL FOR
OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**